Alvin PHELPS, Rosemary Phelps, Plaintiffs,

v.

David LENGYEL, et al., Defendants.

No. 4:01CV1365.[1]

United States District Court, N.D. Ohio, Eastern Division.

June 28, 2002.

---

1. On July 5, 2001, the Court consolidated

*Alvin Phelps, et al. v. David Lengyel,* Case No.

Alvin Phelps, Salineville, OH, Pro se.

Rosemary Phelps, Salineville, OH, Pro se.

Matthew R. Planey, John C. Pfau, Pfau, Pfau & Marando, Youngstown, OH, for Defendants.

Constant Andre Prassinos, Nationwide Mutual Insurance, Canfield, OH, Gina De-Genova–Brickner, William L. Hawley, Harrington, Hoppe & Mitchell, Ltd., Warren, OH, for Movants.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon Defendant David Lengyel's ("Defendant") motion for summary judgment and, in the alternative, for partial summary judgment on the issue of punitive damages. (Dkt.# 63).

On June 27, 2001, this Court issued an order referring this case to Magistrate Judge George J. Limbert for a report and recommendation (Dkt.# 11). In the instant case, Plaintiffs filed a single count of negligence against Defendant and also requested punitive damages in the amount of $100,000.00 (Dkt.# 63).

On May 29, 2002, Magistrate Judge Limbert issued a report recommending that this Court deny Defendant's motion for summary judgment as to the sole negligence claim (Dkt.# 95). However, Magistrate Judge Limbert also recommended granting Defendant's motion regarding punitive damages. (*Id.*). On June 10, 2002, Plaintiffs filed objections to the report and recommendation (Dkt.# 97) and on June 24, 2002, Defendant filed a response to the Plaintiffs' objections (Dkt.# 103).

The Court has reviewed the Report and Recommendation of the Magistrate Judge, *de novo*. The Court finds that the report and recommendation is well-supported and that the Plaintiffs' objections are without merit. Therefore, the Report and Recommendation of Magistrate Judge Limbert is hereby **ADOPTED**.

**IT IS SO ORDERED**.

## REPORT AND RECOMMENDATION ON DEFENDANT DAVID LENGYEL'S MOTION FOR SUMMARY JUDGMENT AND/OR MOTION FOR PARTIAL SUMMARY JUDGMENT ON PUNITIVE DAMAGES

Defendant David Lengyel moves this Court for an order pursuant to Rule 56 of the Federal Civil Rules of Procedure granting him summary judgment as to the sole negligence claim brought against him in the instant consolidated action. *See* ECF Dkt. # 63. As to the negligence claim against him, Defendant David Lengyel avers that no genuine issues of material fact exist and that he is entitled to judgement as a matter of law. *See id.* In the alternative, Defendant David Lengyel moves this Court for an order granting him partial summary judgment on the issue of punitive damages. *See id.*

For the following reasons, the undersigned recommends that the Court DENY Defendant David Lengyel's motion for an order pursuant to Rule 56 of the Federal Civil Rules of Procedure granting him summary judgment on the sole negligence claim brought against him. *See* ECF Dkt. # 63. Contrarily, the undersigned recommends that the Court GRANT Defendant David Lengyel's motion for an order granting him partial summary judgment on the issue of punitive damages. *See id.*

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 8, 1996, Plaintiffs Alvin and Rosemary Phelps (Plaintiffs), as landowners, entered into a contract with Defendant J & J Construction, a general contractor, to construct a single family residence. *See* ECF Dkt. # 63 at 3, *and* exhibit A. Defendant J & J Construction is a sole proprietorship owned by Defendant Jerry Jones. *See id.* At the time of contract formation in October 1996 with Plaintiffs, Defendant

Jerry Jones considered himself partners with Defendant John Lengyel, Defendant David Lengyel's brother. *See id.*[2]

The contract between Plaintiffs and J & J Construction gave J & J Construction the right to coordinate its work with subcontractors. *See* ECF Dkt. # 63, exhibit A at 2. The contract also called for J & J Construction to furnish to Plaintiffs, in writing, the names of proposed subcontractors for each of the principal portions of the work. *See id.* at 4. Plaintiffs were authorized under the contract to object to any intended subcontractor, and if they chose to object, the contract further obligated J & J Construction to furnish a substitute subcontractor with whom Plaintiffs had no reasonable objection. *See id.* The contract also stated that J & J Construction and all subcontractors would enter into separate agreements with the terms set forth therein. *See id.* at 5.

Prior to commencing the construction of Plaintiffs' residence, John Lengyel alleges that he advised Plaintiffs that his brother, David Lengyel, a master electrician, would be involved in the construction of Plaintiffs' residence. *See* ECF Dkt. # 63 at 3. David Lengyel asserts that while Plaintiffs believed he did all of the electrical wiring for J & J Construction, Plaintiffs in fact learned that once the project started, he would only perform and supervise certain electrical wiring installation at their residence. *See id.* (citing ECF Dkt. # 62 at 12). David Lengyel argues that it is undisputed that he was acting as a subcontractor on the electrical aspects of the project, regardless of the role he played in the construction of Plaintiffs' residence. *See id.*

Construction on Plaintiffs' residence began in October, 1996. *See* ECF Dkt. # 63 at 3. During the course of construction, numerous disputes arose between Plaintiffs and J & J Construction involving the construction of the residence, including the electrical aspects of the project. *See id.* These disputes include claims set forth in the instant consolidated case. *See* ECF Dkt. # 1, and 25.

On March 19, 1999, Plaintiffs filed a lawsuit against Jerry Jones, dba J & J Construction and John Lengyel, dba J & J Construction, in the Columbiana Court of Common Pleas in Columbiana County, Ohio. *See* ECF Dkt. # 63 at 4. In this state lawsuit, Plaintiffs made numerous averments to support breach of contract, negligence, and breach of warranty claims. *See id.* Jerry Jones and John Lengyel filed an answer denying Plaintiffs' allegations and asserting their own counterclaim against Plaintiffs seeking monetary damages for monies owed resulting from the construction of Plaintiffs' residence. *See id.*

On October 18, 1999, Plaintiffs filed an amended complaint in the state case asserting identical causes of action as set forth in the original complaint against Jerry Jones and John Lengyel, but also named David Lengyel, dba J & J Construction as a defendant. *See* ECF Dkt. # 63 at 4. David Lengyel appeared in the state case and filed a separate answer to the amended complaint denying that he did business as J & J Construction, and averring that he was not a proper party to the state case. *See id.* Ultimately, the Columbiana County Court of Common Pleas dismissed David Lengyel from the state case *without prejudice. See id.*

Plaintiffs filed suit in this Court against David Lengyel on June 6, 2001. *See* ECF Dkt. # 1. In their federal complaint, Plaintiffs brought a sole count of negligence against David Lengyel entitled

---

2. From this point forward, the undersigned refers to each individual defendant, J & J Construction, Jerry Jones, John Lengyel, and David Lengyel without using the modifier "Defendant."

"Negligence in Electrical Work." *See id.* Plaintiffs also prayed for punitive damages in the amount of $100,000 against David Lengyel *See id.*

Specifically, Plaintiffs aver that John Lengyel told them that his brother, David Lengyel, would wire their residence according to the National Electric Code. *See* ECF Dkt. # 1 at ¶ 4. Plaintiffs further allege that the construction contract they signed with J & J Construction provided that their residence would be wired in accordance with the National Electric Code. *See id.* at ¶ 5. Plaintiffs maintain that David Lengyel negligently performed and/or supervised the electrical work in their residence, and the end product electrical wiring in their residence is not to Code and is a potential fire hazard. *See id.* at ¶ 8, 9.

Within his motion for summary judgment and an attached affidavit, David Lengyel admitted that he performed electrical work on Plaintiffs' residence, including assisting in pulling wires during the rough-in-phase of the wiring, and installing lights, light switches, and receptacles, and he inspected and oversaw the electrical work performed at Plaintiffs' residence. *See* ECF Dkt. # 63 at 5, *and* affidavit. David Lengyel maintains that he entered into an oral agreement with J & J Construction to perform and/or supervise the electrical work on Plaintiffs' residence as a subcontractor; conversely he attests that he did not enter into an oral or written contract with Plaintiffs. *See id.* In exchange for his work on Plaintiffs' residence, David Lengyel asserts that he received compensation from his brother John Lengyel in the form of labor performed in the construction of a recreation room at his personal residence. *See id.* David Lengyel does not state whether he received any monetary compensation for his electrical work on Plaintiffs' residence. *See id.*

David Lengyel also emphasizes that he acted solely as a subcontractor during the construction of Plaintiffs' residence, and contrarily, he never held himself out as a principal or employee of J & J Construction. *See* ECF Dkt. # 63 at 5, *and* affidavit. David Lengyel relies solely on his attestation in his affidavit to support his contention that he acted as a subcontractor while performing and/or supervising the electrical work on Plaintiffs' residence. *See id.*

David Lengyel seeks to establish his subcontractor status in the instant case because he desires to avail himself of the liability protections that Ohio law affords to subcontractors. *See* ECF Dkt. # 63. The preliminary, and as it turns out, the primary issue, for the undersigned's consideration is whether material issues of genuine fact preclude a finding that David Lengyel acted as a subcontractor when he performed and/or supervised the electrical work at Plaintiff's residence. *See id.*

## II. STANDARD OF REVIEW

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the Court. *See Allen v. Wood,* 970 F.Supp. 824, 828 (E.D.Wash.1997). Similarly, the function of summary judgment is to dispose of cases without trial when one party is unable to demonstrate the existence of a factual dispute which, if present, would require resolution by a jury or other trier of fact. *See Schultz v. Newsweek, Inc.,* 668 F.2d 911, 918 (6th Cir.1982).

Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides, in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genu-

ine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(C). Under Rule 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *See Allen,* 970 F.Supp. at 828(citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and must identify the portions of " 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(quoting FED. R. CIV. P.56(c)). This initial burden can be discharged by the moving party by showing that the nonmoving party has failed to establish an essential element of the nonmoving party's case for which he or she bears the ultimate burden of proof at trial. *See Celotex,* 477 U.S. at 323, 106 S.Ct. 2548; *Morales v. American Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir.1995). The evidence submitted must be viewed in a light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *See Adickes v.*

*S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

If the moving party meets this burden, then the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. *See* FED. R. CIV. P. 56(e). The nonmoving party must present additional evidence beyond the pleadings. *See id.* The nonmoving party must do this by presenting more than a scintilla of evidence in support of his or her position. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment must be granted unless sufficient evidence exists that favors the nonmoving party such that a judge or jury could reasonably return a verdict for that party. *See id.* at 249, 106 S.Ct. 2505. The Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* If a party fails to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then the Court is required to enter summary judgment. *See Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

### III. ANALYSIS

#### A. Subcontractor Status

Ohio law [3] does afford some liability protections to subcontractors from third

---

**3.** Regardless of the characterization of Plaintiffs' claim against David Lengyel, a choice of law analysis in the instant case yields the finding that Ohio law applies. Plaintiffs' claim against David Lengyel stems from events that occurred while their residence was constructed in Salineville, Ohio. *See* ECF Dkt. # 1. *See Jordan v. State Farm Mut. Auto. Ins. Co.,* 141 Ohio App.3d 670, 672–673, 753 N.E.2d 209, 210–211 (2001)(quoting *Morgan v. Biro Mfg. Co.,* 15 Ohio St.3d 339, 342, 474 N.E.2d 286, 289 (1984))(when choice-of-law question arises in a tort action, "a presumption is created that the law of the place of the

injury controls unless another jurisdiction has a more significant relationship to the lawsuit."); *see also Ohayon v. Safeco Ins. Co. of Illinois,* 91 Ohio St.3d 474, 477, 747 N.E.2d 206, 209 (2001)(in the absence of an effective choice of law provision, the rights and duties under a contract are determined by the law of the state that, with respect to that issue, has "the most significant relationship to the transaction and the parties.") The parties also cite Ohio law exclusively in their briefs and do not argue that another state's law controls. *See* Docket.

parties, assuming an absence of privity of contract between them. *See infra.* Ohio courts have held that, "As a general rule, if a plaintiff brings an action sounding in tort and bases h[er] claim upon a theory of duty owed by a defendant as a result of contractual relations, [s]he must be a party or privy to the contract in order to prevail. This is based upon the fact that the plaintiff has failed to establish a duty owed to h[er]." *Vistein v. Keeney,* 71 Ohio App.3d 92, 106, 593 N.E.2d 52, 61 (1990). If a plaintiff fails to show that she is a party to a contract, or in privity with a party, she fails to establish the existence of a duty owed to him by the defendant. *See Brewer v. H & R Concrete, Inc.,* No. 17254, 1999 WL 49366, *2 (Ohio App 2 Dist. Feb. 5, 1999), unpublished (citing *Toman v. Pennsylvania R. Co.,* 39 Ohio Law Abs. 32, 51 N.E.2d 231 (1943)).

David Lengyel maintains that he acted exclusively as a subcontractor during the construction of Plaintiffs' home, and that he was never in privity with Plaintiffs. *See* ECF Dkt. # 63, *and* exhibit B. Thus, based upon Ohio's apparent liability protections afforded to subcontractors, he argues that Plaintiffs' negligence suit against him must fail as a matter of law. *See id.* While Ohio law affords liability protection to subcontractors, the undersigned recognizes that before David Lengyel can avail himself of these protections, he must demonstrate an absence of a genuine issue of material fact as to his subcontractor status during the construction of Plaintiffs' residence. *See Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548. If David Lengyel fails to establish that he was a subcontractor during the construction of Plaintiffs' residence, then the undersigned need not even consider whether David Lengyel is entitled to the liability protections afforded to subcontractors under Ohio law.

David Lengyel attempts to meet his initial burden of demonstrating an absence of genuine issues of material fact as to his subcontractor status by attesting in his attached affidavit he acted solely as a subcontractor in the construction of Plaintiffs' residence. *See* ECF Dkt. # 63, *and* exhibit B. David Lengyel also attested that he performed and oversaw electrical work at Plaintiffs' residence in return for labor costs incurred by his brother, John Lengyel, in the construction of a recreation room at David Lengyel's personal residence. *See* ECF Dkt. # 63, exhibit B at 2. In his affidavit, David Lengyel does not mention whether he received any monetary compensation from J & J Construction in return for working on Plaintiffs' residence. *See id.*

However, even assuming that David Lengyel's affidavit discharges his initial burden of establishing his subcontractor status for purposes of summary judgment, the undersigned finds that Plaintiffs have taken affirmative steps to avoid the entry of a summary judgment on their negligence claim against him. *See* ECF Dkt. # 62, 67, *and* FED. R. CIV. P. 56(e). More specifically, Plaintiffs have marshaled enough evidence to demonstrate that genuine issues of material fact exist as to David Lengyel's employment status during the construction of their residence, *i.e.* whether he was an employee or principal of J & J Construction or a subcontractor. *See id.*

Before outlining the affirmative steps taken by Plaintiffs to thwart David Lengyel's summary judgment motion, the undersigned acknowledges that the question of whether someone is an employee or an independent contractor is ordinarily a question of fact. *See McBroom v. Columbia Gas of Ohio,* Inc., No. 00AP–1110, 2001 WL 721949, *2 (Ohio App. 10 Dist. June 28, 2001), unpublished(citing *Bostic v. Connor,* 37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988)). When the evidence is in con-

flict, or where the facts are in dispute, the question of whether a person is an employee or an independent contractor is a question of fact. *See id.*

Plaintiffs controvert David Lengyel's affidavit by citing their own deposition testimony, affidavits, and documentation produced in the discovery process. *See* ECF Dkt. # 19, 62, 67. First, in her deposition testimony, Plaintiff Rosemary Phelps testified that she had been told by John Lengyel and Jerry Jones on several occasions that David Lengyel was an employee, as opposed to a subcontractor, of J & J Construction. *See* ECF Dkt. # 62 at 71–72. Second, in an affidavit dated May 25, 2001, Plaintiff Alvin Phelps attested that David Lengyel had been compensated with 2 checks totaling $1,500 from J & J Construction for performing and supervising electrical work on Plaintiffs' residence. *See* ECF Dkt. # 19, affidavit of Alvin Phelps. In this affidavit, Plaintiff Alvin Phelps attests, "That loan monies were paid to J & J Construction as to the electrical work done on my house. That the defendants submitted two cancelled checks written to the defendant David Lengyel as payment for his electrical work on the house." *Id.* Third, Plaintiffs also provide copies of the checks at issue, and state that they were produced by Defendants in response to a discovery request. *See id., and* ECF Dkt. # 67, exhibit D. Plaintiffs point out that the dates on the checks at issue, February and September 1997, respectively, coincide with the time period in which David Lengyel performed electrical work at their residence. *See id.* Plaintiffs further allege that J & J Construction paid David Lengyel with funds originally obtained from Plaintiff's construction loan monies. *See* ECF Dkt. # 67 at 5, *and* exhibit D. Lastly, in contravention of the construction contract between the parties, Plaintiffs remark that they were never given written notice of J & J Construction's intention to utilize David Lengyel as a subcontractor during the construction of their residence. *See* ECF Dkt. # 63, exhibit A, *and* 67.

In his reply brief, David Lengyel correctly points out that whether he was paid with monies or with services by J & J Construction likely does not alter the legal classification of his employment relationship with J & J Construction. *See* ECF Dkt. # 71 at 2. However, the form of payment is relevant for purposes of ascertaining the veracity of David Lengyel's affidavit, because he attested that he was compensated only with labor on a recreation room at his personal residence in return for performing and/or supervising the electrical work on Plaintiffs' residence. *See* ECF Dkt. # 63, exhibit B. Further, it is noteworthy that David Lengyel fails to refute Plaintiffs' assertion that J & J Construction issued checks totaling $1,500 to him as consideration for his electrical work on Plaintiffs' residence. *See* ECF Dkt. # 71 at 2.[4] Based upon the foregoing, the undersigned finds that Plaintiffs have raised an issue of fact as to the veracity of David Lengyel's affidavit. *See* ECF Dkt. # 63, exhibit B. The undersigned emphasizes that the veracity of David Lengyel's affidavit is crucial to the issue before the Court because it is the lone piece of evidence David Lengyel relies upon to support his claim of subcontractor status. *See id.*

Based upon the fact that Plaintiffs controvert David Lengyel's attestations by citing their own deposition testimony, affidavits, and documentation produced in the

---

4. David Lengyel also does not refute Plaintiffs' contention that J & J Construction failed to give Plaintiffs written notice of J & J Construction's intention to utilize David Lengyel as a subcontractor during the construction of Plaintiff's residence, as required by the construction contract. *See* ECF Dkt. # 63, exhibit A, *and* ECF Dkt. 71.

discovery process, the undersigned finds that Plaintiffs have raised genuine issues of material fact as to David Lengyel's employment status with J & J Construction. *See* ECF Dkt. # 19, 62, 67. Thus, given that David Lengyel has not established his subcontractor status for summary judgment purposes, he cannot avail himself of Ohio law's liability protections afforded to subcontractors. *See* ECF Dkt. # 63. For these reasons, the undersigned recommends that David Lengyel's motion for summary judgment on Plaintiffs' negligence claim be DENIED.

## B. Punitive Damages

■ Plaintiffs seek $100,000 in punitive damages in their prayer on their sole count of negligence against David Lengyel. *See* ECF Dkt. # 1. The undersigned acknowledges that the purpose of punitive damages is not to compensate a plaintiff, but to punish and deter certain conduct, deter future conduct, and to demonstrate society's disapproval. *See Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 651, 635 N.E.2d 331, 343 (1994), and *Calmes, infra.* Misconduct greater than negligence is required for an award of punitive damages, in fact the requisite mental state must involve "great probability of causing substantial harm," rather than conduct that is "outrageous," "flagrant," and "criminal." *Calmes v. Goodyear Tire & Rubber Co.*, 61 Ohio St.3d 470, 473, 575 N.E.2d 416, 419 (1991). Punitive damages under Ohio law are available upon a finding of actual malice. *See id.* "Actual malice" for purposes of punitive damages is defined as "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Id.* (quoting *Preston v. Murty*, 32 Ohio St.3d 334, 512 N.E.2d 1174 (1987), syllabus).

After examining the averments in Plaintiffs' complaint and their deposition testimony, the undersigned finds that Plaintiffs, if they would prevail, are not entitled to an award of punitive damages as a matter of law. *See* ECF Dkt. # 1. Plaintiffs only aver negligent conduct in their complaint, and Ohio's black letter law demands misconduct greater than negligence for an award of punitive damages. *See id., and Calmes, supra.* Plaintiff Rosemary Phelps also confirmed in her deposition that her claims against David Lengyel sound solely in negligence. She testified as follows:

Q. So your claim against David Lengyel is that he was negligent in the electrical work that he either did or supervised?

A. Or supervised, that's right?

Q. Correct?

A. That's right.

Q. You're not alleging David Lengyel misrepresented anything to you about his qualifications; correct?

A. No, he's a certified electrician.

Q. And he's not misrepresenting to you because he testified in deposition that he did do some work and that he supervised some work?

A. That's right.

Q. He's not representing that; correct?

A. No.

ECF Dkt. # 62 at 61–62. Additional testimony also clearly establishes that David Lengyel lacked the mental state necessary to support a claim of punitive damages arising out of his alleged tortious acts. Plaintiff Rosemary Phelps clarified that her claims against all the Defendants in the instant consolidated case sounded in negligence. She did not characterize any of the Defendants' scienter as hate filled, spiteful, or vengeful. Plaintiff Rosemary Phelps testified as follows:

Q. But as far as the defects that are present in the house,...,the defects that you allege in the construction of the house, *the wiring*, and whatever else you feel was not built to a workmanlike manner, are you alleging that was done intentionally by J & J Construction?

A. No. They were just negligent in their work.

Q. They didn't do very good work?

A. They didn't do very good work.

    \*    \*    \*    \*    \*    \*

Q. But again, you don't allege that they did it intentionally so as to cause damage down the road, do you?

A. No. They were negligent in what they did.

ECF Dkt. # 62 at 174–175(emphasis added). The undersigned finds that Plaintiffs' punitive damage prayer fails as a matter of law because Plaintiffs have admitted that their claim against David Lengyel sounds in negligence. *See id.* Further, Plaintiffs have failed to adduce any testimony that David Lengyel's conduct throughout the construction of the residence was characterized by ill will, vengefulness or spite. *See id.* Based upon the foregoing, the undersigned recommends that David Lengyel's motion for partial summary judgment on Plaintiffs' punitive damage claim be GRANTED. *See* ECF Dkt. # 63.

## IV. CONCLUSION

Because genuine issues of material fact exist precluding a finding that David Lengyel acted as a subcontractor when performed and/or supervised the electrical work at Plaintiffs' residence, the undersigned recommends that David Lengyel's

motion for summary judgment on Plaintiffs' negligence claim against him be DENIED. *See* ECF Dkt. # 63. Alternatively, the undersigned recommends that David Lengyel's motion for partial summary judgment on Plaintiffs' punitive damage claim be GRANTED. *See id.* David Lengyel is entitled to partial summary judgment on Plaintiff's prayer for punitive damages because Plaintiffs' sole underlying negligence claim cannot support an award of punitive damages as a matter of law, and Plaintiffs have failed to adduce any evidence of actual malice. *See id.* May 29, 2002.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation, *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

---

1. On July 5, 2001, the Court consolidated *Alvin Phelps, et al. v. David Lengyel,* Case No. 4:01CV1365 (Plaintiffs' suit against electrical subcontractor who installed wiring in their

residence), and *Alvin Phelps, et al. v. Jerry Jones dba J & J Construction, et al.,* Case No. 4:01CV1366(Plaintiffs' suit against general contractor who constructed their residence).